IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACKIE DON WHITE, et al.,

        Plaintiffs,                    No. CIV S-04-2698 MCE DAD P

    vs.

RICHARD DANGLER, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

/

        Plaintiff Jackie Don White is a state prisoner proceeding pro se. The caption of the complaint received for filing on December 23, 2004, lists as additional plaintiffs Paula White, wife of Jackie Don White, and Ralph White, brother of Jackie Don White. The complaint has been signed only by Jackie Don White, who is not an attorney and may not represent other plaintiffs. See Local Rule 83-183(a). The court deems this action to be a civil action brought solely by Jackie Don White.

        Plaintiff's complaint was not accompanied by the filing fee or an application to proceed in forma pauperis. Plaintiff subsequently submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915. Plaintiff is informed that the district court is required to dismiss a case in which a party is seeking leave to proceed in forma pauperis if the court finds that the action is legally frivolous, fails to state a claim on which relief may be

1

1  granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.
2  § 1915(e)(2).

3  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions for the claim are clearly
7  baseless.  See Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim has
8  an arguable legal basis as well as an arguable factual basis.  Jackson v. Arizona, 885 F.2d 639,
9  640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

10  A claim should be dismissed for failure to state a claim upon which relief may be
11  granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim
12  that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.
13  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
14  complaint under this standard, the court accepts as true the allegations of the complaint,
15  construes the pleading in the light most favorable to the plaintiff, and resolves all doubts in the
16  plaintiff's favor.  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Jenkins v.
17  McKeithen, 395 U.S. 411, 421 (1969).

18  The Civil Rights Act under which the present action was filed provides that

> [e]very person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

22  42 U.S.C. § 1983.  A plaintiff proceeding under § 1983 must allege and prove that he was
23  deprived of a right secured by the constitution or laws of the United States and that the alleged
24  deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S.
25  42, 48 (1988).  The "under color of state law" requirement  is an essential element of a § 1983
26  action.  It is the plaintiff's burden to allege and prove that the defendants were acting under color

of state law when they deprived him of his rights.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

In the present case, plaintiff has sued attorney Richard Dangler and other attorneys and law clerks employed by Richard Dangler or his law firm.  Plaintiff asserts that he was deprived of his constitutional rights and civil rights and suffered state tort injuries due to the defendants' ineffective legal representation, nonprofessional conduct, misrepresentation of legal obligations and professional standards, deliberate indifference, and wilful, malicious, bad faith conduct.  Plaintiff alleges that he was also deprived of rights under state law by the defendants' fraud, fraudulent conveyances, and deceitful conduct.  Plaintiff alleges that the defendants repeatedly filed frivolous writs not read by a member of the state bar and did so for the purpose of profit against plaintiff's interests.  Plaintiff seeks punitive damages and a declaratory judgment concerning the violation of his rights.

Plaintiff has sued persons who are not state actors within the meaning of § 1983.  Although lawyers are generally licensed by the states, they are not government officials or government employees merely because they are lawyers.  Polk County v. Dodson, 454 U.S. 312, 319 n.9 (1981) (citing In re Griffiths, 413 U.S. 717, 729 (1973)).  Even an attorney who is employed by the state as a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and cannot be a defendant in a § 1983 action.  Id. at 318-19, 325.

Because the defendants in this case are not state actors, plaintiff's § 1983 claims lack an arguable basis in law.  Plaintiff's federal claims must be dismissed because they are legally frivolous and fail to state a claim on which relief may be granted.  In the absence of any federal claim over which this court has original jurisdiction, the court should decline to exercise supplemental jurisdiction over plaintiff's state claims.  28 U.S.C. § 1367(c).

/////

/////

1   Accordingly, IT IS HEREBY RECOMMENDED that:

2   1. Plaintiff's § 1983 claims be dismissed on the grounds that they are legally
3   frivolous and fail to state a claim on which relief may be granted;

4   2. The court decline to exercise supplemental jurisdiction over plaintiff's state
5   claims; and

6   3. This action be dismissed.

7   These findings and recommendations are submitted to the United States District
8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9   days after being served with these findings and recommendations, plaintiff may file written
10  objections with the court.  A document containing objections should be captioned "Objections to
11  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
12  objections within the specified time may waive the right to appeal the District Court's order.  See
13  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2005.

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
whit2698.56